UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Theresa Spencer, | : | Case No. 1:13-cv-350 |
| Plaintiff, | : | |
| vs. | : | |
| Sheila Manes, et al, | : | |
| Defendants. | : | |

**ORDER**

Before the Court is the motion to dismiss filed by the Secretary of the Department of Health and Human Services. (Doc. 6)  The Secretary argues that this Court (and the Ohio state court from which the case was removed) lack subject matter jurisdiction over the determination of Medicare's recovery of secondary medical payments made on behalf of the Plaintiff.

The record reveals that Plaintiff Theresa Spencer was injured in an auto accident in May 2011.  She filed a lawsuit in Butler County, Ohio against the defendant, Sheila Manes, alleging Manes was at fault.  Spencer received treatment for the injuries she sustained in the accident; Spencer is Medicare beneficiary, and Medicare paid approximately $50,000 in medical expenses for her treatment. Defendant Manes filed a third-party complaint against the Secretary, presumably based upon Medicare's claim for reimbursement of expenses.  The Secretary

responded to that complaint and objected to the jurisdiction of the state court.

Spencer and Manes eventually settled their dispute, the terms of which required Spencer to satisfy any subrogation liens, specifically including Medicare's secondary payment claim.  Dissatisfied with the amount that Medicare claimed, Spencer filed a motion asking the state court "to declare the amount of Medicare's right to reimbursement, pursuant to 42 C.F.R. 411.37."  (Doc. 5, Appendix E)  Her motion argued that the state court had jurisdiction to determine the proper amount of reimbursement, citing Bradley v. Sebelius, 621 F.3d 1330, 1340 (11th Cir. 2010).  The Secretary provided information in response to the motion about the total amount of expenses that Medicare had paid, and the adjusted amount claimed (after reduction for unrelated expenses, legal fees and costs, pursuant to applicable regulations).  Despite that response, Spencer's motion apparently led the state court to enter an order on May 13, 2013,  directing the Center for Medicare Services to provide all records concerning the calculation of the claimed reimbursement amount, so that the state court could independently evaluate the payments.  (Doc. 5, Appendix F)

The Secretary then removed the case pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446(b)(2)(C)(3), asserting that the order "seeks to circumvent the statutory procedures for federal agency review of subrogation amounts due

Medicare." (Doc. 1 at 2)  After removal, Spencer filed a motion for entry of a declaratory judgment (Doc. 5), asking this Court to determine the amount that Medicare can recoup from her settlement.  The Secretary moved to dismiss.  Spencer has responded to the motion to dismiss (Doc. 10), and contemporaneously filed a motion that seeks an order from this Court granting her "full access to administrative procedures." (Doc. 9)  The latter motion is not yet fully briefed.  But because this Court lacks jurisdiction over this dispute, the Court need not await complete briefing on that motion.

Federal law provides that Medicare is a "secondary payer" in situations where Medicare covers expenses for a Medicare beneficiary when someone else (in many cases a tortfeasor) is ultimately responsible.  Congress amended the Medicare statutes in 1980, to make Medicare a secondary payer in situations where a beneficiary may recover her medical expenses from another responsible party.  Spencer does not contest Medicare's right to seek reimbursement, but does challenge the amount Medicare has apparently demanded from her.  As her briefs also recognize, Medicare beneficiaries are entitled to administrative review of the Secretary's decisions, and to ultimately seek judicial review of final adverse decisions pursuant to 42 U.S.C. § 405(g).

But Spencer has not exhausted her administrative remedies concerning the

amount the Secretary has demanded. Numerous cases make it unmistakably clear that exhaustion is required before this Court has jurisdiction to review the Secretary's decision. See, e.g., Hadden v. United States, 661 F.3d 298 (6th Cir. 2011), reviewing plaintiff's challenges to amount paid to Medicare from his settlement with a tortfeasor only after plaintiff paid the claim under protest and exhausted his administrative remedies; Mason v. Sebelius, 2012 U.S. Dist. LEXIS 40592 (D.N.J., March 23, 2012)(same); Benson v. Sebelius, 771 F.Supp.2d 68 (D.D.C. 2011)(same); Truett v. Bowman, 288 F.Supp.2d 909 (W.D. Tenn. 2003)(dismissing third-party claim against the Secretary filed in a suit seeking tort damages from allegedly negligent health care providers, because the court lacked jurisdiction over the Secretary absent a final administrative decision regarding a Medicare claim that might be raised in that suit).

Spencer's state court motion cited Bradley v. Sebelius, 621 F.3d 1330, 1340 (11th Cir. 2010), which is clearly distinguishable from this case. There, a Medicare beneficiary died while in the nursing home, and his surviving children and his estate brought a wrongful death action against the home. That case was settled, and the probate court allocated the settlement amount between the survivors' claims (which under state law did not include medical expenses, and the survivors had not paid or contributed any funds towards their father's expenses)

and the estate's claim for reimbursement of those expenses. The Secretary challenged the allocation and sought reimbursement of all claimed expenses. The Eleventh Circuit ultimately concluded that the Secretary was not entitled to full recovery of its claimed lien, because the state probate court's allocation of the settlement amount was binding under state law.

But Spencer ignores or overlooks the fact that the case reached federal court only **after** the estate paid Medicare under protest, perfected an administrative appeal, and exhausted its administrative remedies. See Bradley, 621 F.3d at 1334. The Supreme Court has held that all claims arising under Medicare must be channeled through the administrative appeals process, even if a plaintiff frames a claim as a constitutional challenge to Medicare statutes and regulations. See Heckler v. Ringer, 466 U.S. 602, 621-622 (1984); Shalala v. Ill. Council on Long Term Care, 529 U.S. 1 (2000).

While the Medicare Secondary Payer statutory provisions and regulatory processes are not without their critics,[1] the statute unquestionably requires the Secretary to seek reimbursement from Spencer's settlement. And Spencer's arguments about the economic burden placed upon her if forced to satisfy

---

[1] See, e.g., Willis, *Medicare Subrogation of Third Party Liability Claims - An Evolving (and Elusive) Effort*, 35 Campbell L. Rev. 173 (Fall 2012).

Medicare's claim should be directed to the Secretary through the administrative appeals process; the Court notes that 42 U.S.C. §1395y(b)(2)(B)(v) clearly grants the Secretary broad discretion to adjust or waive a reimbursement claim.  If Spencer is dissatisfied with the amount being demanded by the Secretary, she should pursue her administrative remedies.  If she is still dissatisfied with the final decision, she may seek judicial review.  But this Court lacks jurisdiction to consider her current challenges to that demand, or to make any independent determination of that issue, absent exhaustion of those remedies.

For these reasons, the Court grants the Secretary's motion to dismiss. Spencer's motions for an order granting "full access to administrative procedures" (Doc. 9) and for a declaratory judgment (Doc. 5) are denied as moot.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: July 30, 2013                    s/Sandra S. Beckwith
                                        Sandra S. Beckwith, Senior Judge
                                        United States District Court